**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

LEE FALICA, *et al.*

Plaintiffs,

v.

ADVANCE TENANT SERVICES, INC., *et al.*

Defendants.

Civil Action No. 02-2463(RBW)

**MEMORANDUM OPINION**

Currently before the Court is the plaintiffs' Motion for Attorney's Fees and Costs ("Pls.' Mot.") [D.E. #45] and the defendants' opposition to this motion.[1] Upon full consideration of the parties' submissions, the Court concludes that the plaintiffs are entitled to reasonable attorney's fees in the amount of $82,853.00 and expenses in the amount of $1,732.85.

**I. Background**

The plaintiffs, Lee Falica ("Falica"), Saba Gonzalez ("Gonzalez"), and Ernesto Lemus ("Lemus"), request that this Court award them attorney's fees in an action they initiated to recover unpaid back wages pursuant to the Federal Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201 et seq. (2000), and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. under Article, § 3-501 et seq. (1999). See Second Amended Complaint ("Compl.") at 1. At the conclusion of a jury trial on November 10, 2004, judgment on the wage claims was entered for the plaintiffs in the amount of $324,143.36. See Judgment on the Verdict. The plaintiffs now request $87,639.00 in attorney's fees for 280.90

[1] The Court has addressed the plaintiffs' Motion for Award of Liquidated Damages in a separate order.

hours of legal services rendered over a two-year period, in addition to $1,732.85 in costs for their filings, service of process, copying, internet research, and translator fees, for a total of $89,371.85. Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Attorney's Fees & Costs ¶¶ 6, 10-11 ("Pls.' Mem."). The defendants oppose the plaintiffs' motion solely on the basis of the necessity and reasonableness of the hours expended in the plaintiffs' prosecution of this case. See Memorandum in Support of Defendants' Opposition to Plaintiffs['] Motion for Attorney's Fees ("Defs.' Opp'n"). For the reasons outlined below, only part of the fees requested will be awarded to the plaintiffs.

## II. Standard of Review

Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure requires plaintiffs who are requesting attorney's fees and costs to specify the judgment and the statute, rule, or other grounds entitling the moving party to the award, as well as the amount or a fair estimate of the amount being sought. Fed. R. Civ. P. 52(d)(2)(B). Here, the plaintiffs are seeking an award of attorney's fees pursuant to both the FLSA and the MWPCL. Pls.' Mem. at 1. In relevant part, the FLSA provides that in an action under the FLSA a court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b) (2000) (emphasis added). The award of counsel fees to an employee's attorney in FLSA cases is mandatory and unconditional. Nitterright v. Claytor, 454 F. Supp. 130, 141 (D.D.C. 1978); Foster v. Irwin, 258 F. Supp. 709, 713 (E.D. La. 1966).

By contrast, the MWPCL allows a plaintiff to recover from his employer "reasonable counsel fees and other costs." MWPCL § 3-507.1. An award of attorney's fees under the MWPCL "is discretionary, although . . . that discretion is to be exercised liberally in favor of

allowing a fee." Friolo v. Frankel, 819 A.2d 354, 361 (Md. 2002). Accordingly, because the Court must award attorney's fees if the requirements of 29 U.S.C. § 216(b) are satisfied, as opposed to being discretionary under MWPCL § 3-507.1, the Court will only address whether the award of attorney's fees under the FLSA is required.

In order for the Court to award attorney's fees under the FLSA, the plaintiffs must first demonstrate that they are the "prevailing" parties within the meaning set forth in 42 U.S.C. § 1988 (2000). Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Copeland v. Marshall, 641 F.2d 880, 889 (D.C. Cir. 1980). In Hensley, the Supreme Court set the standards for awarding attorney's fees when Congress authorized such an award to a prevailing party. 461 U.S. at 433. Although the Supreme Court was construing the "prevailing party" language of 42 U.S.C. § 1988, the Court noted that "[t]he standards set forth in [Hensley] are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" Id. at 433 n.7. Hence, because Congress has authorized an award of fees pursuant to the FLSA, the plaintiffs are considered "'prevailing parties' for attorney's fees purposes if they succeed[ed] on any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit." Id. (citing Nadeau v. Helgemoe, 581 F.2d 275, 278-279 (1st Cir. 1978)).

Once a plaintiff crosses the statutory threshold of establishing that he is a prevailing party, "[i]t remains for the district court to determine what fee is 'reasonable.'" Hensley, 461 U.S. at 433. The Supreme Court has determined the reasonableness of a fee by analyzing "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate" because this calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's service. Id.; Laffey v. Northwest Airlines, Inc., 746 F.2d 4, 12-13 (D.C. Cir.

1984) (aff'd in part, rev'd on other grounds); Laffey v. Northwest Airlines, Inc., 572 F. Supp. 354, 361 (D.D.C. 1983). A former member of this Court developed a standard for assessing reasonableness, which was affirmed by the District of Columbia Circuit in Laffey, through the adoption of recoverable hourly rates. See Laffey, 572 F. Supp. at 371-75; Pls.' Mem. ¶ 5, Exhibit ("Ex.") 3 ("Laffey Matrix"). These hourly rates, illustrated in matrix form and commonly referred to as the "Laffey Matrix," are adjusted annually based on cost of living increases for the Washington, D.C. area. Ex. 3 ¶ 3. "The matrix is intended to be used in cases in which a "'fee-shifting' statute permits the prevailing party to recover 'reasonable' attorney's fees." Id. ¶ 1. This matrix reflects what are "'reasonable fees' . . . calculated according to the prevailing market rates in the relevant community, not according to the cost of providing legal services . . . ." Blum v. Stenson, 465 U.S. 886, 886 (1984). Using this matrix as a guide, the Court must then exercise its discretion to adjust this sum upward or downward to arrive at a final fee award that reflects "the characteristics of the particular case (and counsel) for which the award is sought." Laffey, 572 F. Supp. at 361 (citing Copeland, 641 F.2d at 880; Nat'l Ass'n of Concerned Veterans v. Sec'y of Def., 675 F.2d 1319 (D.C. Cir. 1982)). Furthermore, the Court should also assess the reasonableness of the attorney's fee award in light of the twelve factors set forth in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974).[2] Hensley, 461 U.S. at 430.

Additionally, this court must determine whether the number of hours expended on the litigation is reasonable. Id. It does not necessarily follow that "the amount of time

---

[2]The twelve factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson, 488 F.2d at 717-719.

actually expended is the amount of time reasonably expended." Copeland, 641 F.2d at 891 (emphasis added). An attorney must use "billing judgment" when litigating cases, which requires that the attorney only bill hours to one's adversary that would properly be billed to the attorney's own client. Hensley, 461 U.S. at 434; Copeland, 641 F.2d at 891; Laffey, 572 F. Supp. at 361. Accordingly, "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary . . . ." Hensley, 461 U.S. at 434.

Because the defendants do not contest either the plaintiffs' prevailing party status under the FLSA or the reasonableness of the hourly rates requested by the plaintiffs, see generally Defs.' Opp'n, this opinion will solely address whether the number of hours expended on this litigation was reasonable.

**III. Legal Analysis**

Although the defendants concede that the plaintiffs' hourly rates are reasonable, they argue, however, that the number of hours requested by the plaintiffs was unnecessary and therefore unreasonable, and should accordingly be reduced. Defs.' Opp'n at 1. Specifically, the defendants challenge the reasonableness of the amount of time spent by the plaintiffs' attorneys preparing the following work products: (1) a motion to amend the complaint,[3] (2) a motion for judgment,[4] (3) a motion to strike affirmative defense, (4) a motion for liquidated damages, (5) the

[3] Without further clarification having been provided by the defendants, the Court presumes that they are referring to the First Motion to Amend/Correct Complaint and the Second Motion for Leave to File Second Amended Complaint.

[4] The Court is unaware of a Motion for Judgment filed by the plaintiffs that was denied by the Court. Furthermore, the plaintiffs do not request attorney's fees for a Motion for Judgment. See Pls.' Mot., Ex. 4 (Fee Statement). Therefore, the Court need not address the defendants' challenge to the award of such fees.

motion for attorney's fees, (6) the first amended complaint filed against the Advance Tenant Services, Inc., (7) a motion for entry of default, (8) the reviewing of the scheduling order, (9) the meet and confer statement, (10) the conducting of discovery, and (11) trial preparation. Id. at 1-3. The Court will address each of the challenges separately below.

"[O]nce the reasonableness of the hours claimed becomes an issue, the applicant should voluntarily make his time charges available for inspection by the District Court or opposing counsel on request." Concerned Veterans, 675 F.2d at 1327. Here, the plaintiffs have provided the Court with a Fee Statement, detailing the hours expended on each task throughout the prosecution of this case. Pls.' Mem., Ex. 4 (Fee Statement). Nonetheless,

> [f]ees are not recoverable for nonproductive time nor . . . for time expended on issues on which [a] plaintiff did not ultimately prevail. The fee application should therefore indicate whether nonproductive time or time expended on unsuccessful claims was excluded and, if time was excluded, the nature of the work and the number of hours involved should be stated.

Concerned Veterans, 675 F.2d at 1327. In the present case, the plaintiffs opine that they "reviewed the billing statement and reduced or eliminated any time which was not reasonably expended on the case, was duplicative, or which undersigned counsel, in the exercise of billing judgment, deemed not appropriate to include on a billing statement." Pls.' Mem. ¶ 6.

1. Motion to Amend the Complaint

The defendants contend that the Motion to Amend the Complaint was "strictly the result of [the p]laintiffs failing to inform their counsel about certain elements of their case until they were substantially beyond the time for filing an amended complaint . . . and [they] should not be made to pay for hours spent by [the p]laintiffs to correct their error." Defs.' Mot. at 1. The

plaintiffs failed to respond directly to this assertion, but instead replied more generally that they "were as successful as they could possibly be on each and every claim they pled in their Second Amended Complaint and presented to the jury." Plaintiffs' Reply to Defendants' Opposition to Motion for Attorney's Fees and Costs at 2 (emphasis in original). Previously, the Court permitted the plaintiffs to amend their complaint in order to clarify "the total amount of wages that [were] due to [plaintiff Ernesto] Lemus so that the claim for wages on his behalf conform[ed] more accurately to the evidence." See Order Granting Plaintiff's Motion for Leave to File a Second Amended Complaint dated May 24, 2004. While the Court found "[a]fter reviewing plaintiffs' motion, there [was] no indication that the plaintiffs [were] acting in bad faith or with dilatory motive," id., the defendants are correct that amending the complaint would have been unnecessary had a better pleaded complaint been initially filed. Thus, the Court finds that it would be unreasonable to require the defendants to pay for the filing of a perfected complaint, which was required solely because of the plaintiffs' inattention to detail that should have been incorporated into the complaint when it was first prepared. For this reason, the Court agrees with the defendants' position that the time spent preparing the Second Amended Complaint should be omitted from the compensable total. Accordingly, pursuant to the Billing Statement provided by the plaintiffs, the Court shall delete 14.7 hours from the total compensable amount.[5] Pls.' Mem., Ex. 4 (Fee Statement).

---

[5]The Court arrived at this number of hours expended on the plaintiffs' motion to amend the complaint by reviewing the plaintiffs' Billing Statement, identifying the entries in which the plaintiffs indicated that time was spent working on the Second Amended Complaint, and deducting those hours from the total compensable amount. Accordingly, the Court deleted the following hours from the Billing Statement: 2.60 hours from February 27, 2004, 0.90 hours from March 2, 2004, 0.90 hours from March 3, 2004, 1.70 hours from March 4, 2004, 3.80 hours from March 5, 2004, 5.30 hours from March 18, 2004, 0.30 hours from March 19, 2004, and 1.40 hours from March 22, 2004. Thus, the amount of fees reduced for services related to the preparation of the Second Amended Complaint is $4,776.00.

2. Motion to Strike Defendant's Affirmative Defense

The defendants contend that the plaintiffs' Motion to Strike Affirmative Defense, or, in the Alternative, for Partial Summary Judgment "was not well taken and was ultimately denied." Defs.' Opp'n at 1. Therefore, the defendants argue that the "motion was unnecessary and [the d]efendants should not have to pay for the fees incurred in preparing and prosecuting such a motion." Id. The plaintiffs have failed to specifically respond to this argument. A somewhat analogous situation arose in Laffey, where the defendants sought to deny the plaintiffs compensation for time spent on unsuccessful motions that had no impact on the final outcome of the case. Laffey, 572 F. Supp. at 362. The Laffey Court held that "virtually all of the hours devoted to the so-called 'lost issues' are fully compensable," id., because "the matters [the] Defendant identifie[d] as 'lost issues' [were] not 'distinct in all respects from [the plaintiffs'] successful claims.'" Id. at 363 (quoting Hensley, 461 U.S. at 440). The Laffey Court also relied upon an earlier ruling by the District of Columbia Circuit where the court held that the award of attorney's fees in such situations is appropriate only when "the 'issue was all part and parcel of one matter,'" and not "when the claims asserted 'are truly fractionable.'" Laffey, 572 F. Supp. at 362 (citing Copeland, 641 F.2d at 892 n.18) (quoting Lamphere v. Brown Univ., 610 F.2d 46, 47 (1st Cir. 1979)). Here, while the plaintiffs unsuccessfully attempted to stop the defendants from advancing a defense, they ultimately prevailed over the defense the defendants were permitted to raise. And considering the absolute success achieved by the plaintiffs, their attempt to exclude the defense was clearly pursued in good faith. See Hensley, 461 U.S. at 440-41. These factors weigh heavily in favor of the plaintiffs being awarded their attorney's fees incurred in pursuing the unsuccessful motion as the litigation of the motion was integrally related to the theory upon

which the plaintiffs ultimately prevailed. Accordingly, the plaintiffs will be fully compensated for their expenses related to the filing of this motion.

3. Motion for Liquidated Damages and Motion for Attorney's Fees

The defendants contend that the "number of hours which were expended in preparing the motion for liquidated damages was clearly excessive and unnecessary." Defs.' Opp'n at 1. Specifically, they argue that, "[t]he federal statute providing [sic] for such damages is crystal clear and the expenditure of nearly four hours just to basically cite a statute is excessive." Id. Similarly, the defendants argue that plaintiffs' counsel "expended an unnecessary amount of time . . . [in] preparation of the motion for attorney's fees." Id. at 2. They further contend that "[c]ounsel billed 1½ hours simply for preparation of a motion which is primarily a computer-generated recap of the description of counsel's activities and hours spent in such activities."[6] Id. The defendants complained in Hensley of this exact issue. Hensley, 461 U.S. at 434. In Hensley, the Court concluded that the reasonableness of a fee award turns on two questions: First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Id. Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award? Id. Using this two-prong test, the Supreme Court found in Hensley that 2,557 hours expended on the fee application was reasonable in light of the substantial relief obtained. Id. at 436. Similarly, because the plaintiffs prevailed on all claims that were related to the claims on which they succeeded, this Court finds that the 12.1 hours

[6]The Court believes that the defendants misstated the amount of hours the plaintiffs' counsel actually spent in preparation of the Motion for Attorney's Fees in their Memorandum in Support of Defendants' Opposition to Plaintiffs Motion for Attorney's Fees and Costs because the defendants later state on the same page that plaintiffs' counsel spent one and one-half days on the Motion for Attorney's Fees. Defs.' Opp'n at 2. Also, the plaintiffs' Fee Statement matches this latter amount. See Pls.' Mem., Ex. 4 (Fee Statement).

expended on the Motion for Attorney's Fees and the 3.9 hours expended on the Motion for Liquidated Damages are more than reasonable. See Pls.' Mem., Ex. 4 (Fee Statement).

4. Preparation of the Complaint, Amended Complaint, and Discovery

The defendants contend that the plaintiffs expended an excessive amount of time, thirty hours, investigating and preparing the complaint. Defs.' Opp'n at 2. They assert that the "[p]laintiffs['] complaint and case was a simple failure to pay overtime claim" and that "[t]he simplicity of the claim was such that it was capable of being set forth in boilerplate pleadings." Id. Similarly, the defendants contend that the written discovery requests were "quite routine and fairly simple and straightforward [sic], so much so, that they could have been excerpted [sic] from a book of discovery forms." Id. at 3. The Court does not expect that parties will use "boilerplate pleadings" when drafting their complaints or forms obtained from books when drafting discovery requests, as the Court would not find such short-cut legal practices professionaly acceptable. C.f. Yourish v. California Amplifier, 191 F.3d 983, 985 (9th Cir. 1999) (holding that boilerplate language was insufficient and led the court to the conclusion that the "drafters of the complaint often seem[ed] to have done little more than copy verbatim language from [the defendant's] public filings, and then proclaim[ed] at more or less regular intervals that the statements were false." (quoting In re GlenFed Sec. Litig., 42 F.3d 1541, 1545 (9th Cir. 1994))); In re Silicon Graphics Inc. Sec. Litigation, 183 F.3d 970, 985 (9th Cir. 1999) (finding boilerplate pleadings to be inadequate to support claims of fraud). The underlying goal of awarding attorney's fees to prevailing parties is to "attract competent counsel . . . ." Hensley, 461 U.S. at 430; Save Our Cumberland Mountains, Inc. v. Hodel, 857 F.2d 1516, 1518-19 (D.C. Cir. 1988). That is clearly what occurred here, as plaintiffs' counsel's performance was fully

compliant with what this Court expects of lawyers who appear before it, and nothing indicates that counsel used the tactics suggested by the defendants. Accordingly, the Court declines to deduct these fees from the plaintiffs' compensable expenses.

5. Entry of Default, Reviewing the Scheduling Order, Meet and Confer Statement, and Trial Preparation

The defendants argue that "it is very difficult to understand why such a very simple motion as an entry of default required 2.8 hours of preparation or why 2.5 hours were required to review the scheduling order and prepare the meet and confer statement." Defs.' Opp'n at 3. Furthermore, the defendants "question the amount of time legitimately required for the trial preparation of this simple straightforward [sic] trial," which amounted to 10.4 hours. Id. "A request for attorney's fees should not result in a second major litigation." Hensley, 461 U.S. at 437. The "crucial factor" in determining the proper amount of an award of attorney's fees under 42 U.S.C. § 1988 is the "extent of a plaintiff's success." Id. at 440. Here, the Court finds that because the plaintiffs prevailed on every claim, the hours expended for rendering these three legal services were reasonable.

## III. Conclusion

Based on the foregoing analysis, this Court will grant the plaintiffs' request for attorney's fees as modified by this opinion and will award the plaintiffs their uncontested costs, for a total award of $84,585.85.[7]

**SO ORDERED** this 8th day of July, 2005.

REGGIE B. WALTON
United States District Judge

[7] The amount of uncontested costs here is $1,732.85.